UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>   Plaintiff,<br><br>   v.<br><br>MENDOCINO COAST CLINICS INC., et al.,<br><br>   Defendants. | Case No. 14-cv-05504-JST<br><br>**ORDER DENYING MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION**<br><br>Re: ECF No. 15 |

Before the Court is Defendant Mendocino Coast Clinic, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction. ECF No. 15. For the reasons discussed below, the Court will deny the motion.

## I. BACKGROUND

Plaintiff Abraham G. Pinzon filed his initial complaint in this action on December 16, 2014. ECF No. 1. In the operative complaint, filed on January 6, 2015, against Defendants Mendocino Coast Clinics and the State of California's Department of Health Care Services, Medi-Cal Dental Services Division, Pinzon alleges that Dr. Nash, a dentist at Mendocino Coast Clinics, performed unwanted dental services on Pinzon, ruining three of his teeth, so that he would be forced to return to the Clinic for dentures. ECF No. 6 at 2-3. He alleges that the treatment he received was contrary to the standard of care received by other, predominantly white, patients, and that it amounted to assault, battery, and malpractice. Id. Pinzon, who is a black man with a mental illness, describes Nash's malpractice as racial discrimination and the product of "animus, fear, and hate." Id. at 2, 4. He also alleges that denying him the opportunity to participate in making treatment decisions deprived him of his right to equal access to health care services. Id. at 4, 6. Pinzon alleges that when he called Denti-Cal to lodge a complaint, Denti-Cal employees hung up on him and then retaliated against him by threatening his eligibility for Medi-Cal benefits.

1  Id. at 3.  Pinzon describes Medi-Cal's failure to respond to his complaint as "an unspoken

2  approval" of Mendocino Coast Clinics' conduct.  Id. at 4.  Plaintiff asserts claims for assault,

3  battery, and malpractice; violation of the Americans with Disabilities Act ("ADA"); violation of

4  the Civil Rights Act of 1964; and violation of the Health Insurance Portability and Accountability

5  Act of 1996 ("HIPAA").  Id. at 1, 3.

6        Pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"),

7  Defendant Mendocino Coast Clinics is deemed to be an employee of the Public Health Service

8  ("PHS") for the purpose of liability protection under the Federal Tort Claims Act ("FTCA").

9  Declaration of Paula Cohen ("Cohen Decl."), ECF No. 16 ¶¶ 4-5, Exs. A, B.  As a result,

10  Mendocino Coast Clinics and its employees, including Dr. Nash, are protected from liability for

11  damage for personal injury resulting from the provision of dental services within the scope of their

12  employment.  Id. ¶¶ 3, 5, Exs. A, B.

13        Defendant Mendocino Coast Clinics filed its motion to dismiss Plaintiff's complaint for

14  lack of subject matter jurisdiction on March 12, 2015.  ECF No. 15.  Defendant Department of

15  Health Care Services has not yet appeared in this action.

16  **II.    LEGAL STANDARD**

17        "If the court determines at any time that it lacks subject-matter jurisdiction, the court must

18  dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject

19  matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  The plaintiff

20  always bears the burden of establishing subject matter jurisdiction.  Kokkonen v. Guardian Life

21  Ins. Co. of Am., 511 U.S. 375, 377 (1994).

22  **III.   DISCUSSION**

23        Defendant Mendocino Coast Clinics moves for an order dismissing the claims against it for

24  lack of subject matter jurisdiction.  ECF No. 15 at 2.  Defendant argues that because it is deemed

25  to be an employee of the PHS pursuant to the FSHCAA, the FTCA is the exclusive remedy for

26  Plaintiff to pursue his negligence and medical malpractice claims.  Id. at 3.  The only proper

27  defendant in an FTCA action is the United States of America.  28 U.S.C. § 2679(d).  Id.  The

28  FTCA "further provides that before an individual can file an action against the United States in

district court, she must seek an administrative resolution of her claim." <u>Jerves v. U.S.</u>, 966 F.2d 517, 518 (9th Cir. 1992). Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "The requirement of an administrative claim is jurisdictional" and "must be strictly adhered to." <u>Valadez-Lopez v. Chertoff</u>, 656 F.3d 851, 855 (9th Cir. 2011). Defendant argues that because nothing in Plaintiff's complaint alleges that he complied with this exhaustion requirement before filing suit, the Court lacks subject matter jurisdiction and it should dismiss Plaintiff's claims. ECF No. 15 at 4-5.

Defendant's argument fails for two reasons. First, although Defendant is correct that the FTCA's administrative exhaustion requirement is jurisdictional, this is not yet an FTCA action and the United States has not yet been substituted as a defendant. "The FTCA provides the exclusive remedy for claims arising against individuals deemed to be employees of the United States Public Health Service ("PHS") and acting within the scope of their employment at the time of the incident giving rise to the claim." <u>Lowery v. Reinhardt</u>, 07-cv-0880-RRB DAD, 2008 WL 550083, at *5 (E.D. Cal. Feb. 27, 2008) (citing 42 U.S.C. § 201 *et seq.*); <u>see also</u> 42 U.S.C. § 233(a), (g)(1)(A); Cohen Decl. Exs. A, B (describing FTCA protection "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment").

Although Defendant has presented evidence indicating that it was deemed to be a PHS employee from January 1, 2013, through December 31, 2014, <u>see</u> Cohen Decl. Exs. A, B, it has not shown that Nash was acting within the scope of his employment at the relevant time. This may be established through a certification by the Attorney General, or by a declaration affirming that Nash was an employee of Defendant during the relevant time period. See <u>Hui v. Castaneda</u>,

3

559 U.S. 799, 810-811 & n.9 (2010) (scope certification, as authorized by 28 U.S.C. § 2679(d), is "a convenient mechanism for establishing that the alleged misconduct occurred within the scope of an employee's duties," but is not necessary to effect substitution of the United States in § 233(a) cases filed in federal court; in most § 233(a) cases proof of scope is established by a declaration affirming that the defendant was a PHS official during the relevant time period); see also 48 U.S.C. § 233(g) (remedy against the United States with respect to an entity deemed to be an employee of PHS is exclusive of any other civil action or proceeding to the same extent as the remedy against the United States with respect to PHS employees pursuant to subsection (a)). Defendant has submitted a declaration affirming that Nash is currently an employee of Defendant, see ECF No. 16 ¶ 3, but has not shown that he was an employee at the time when the incident giving rise to the claim occurred.

Where the United States has not appeared to defend this action, see 42 U.S.C. § 233(b), 28 U.S.C. § 2679(c) (requiring the Attorney General to defend any civil action or proceeding brought in any court against any covered employee for covered damage or injury), and the Defendant has not requested substitution of the United States as a defendant, the Court concludes that considering a motion to dismiss for failure to exhaust administrative remedies, as required under the FTCA, would be premature. See, e.g., Divers v. Halls, 12-cv-3226, 2013 WL 459633, at *2 (D. Neb. Feb. 7, 2013) (granting motion to dismiss for lack of subject matter jurisdiction where defendants established through United States Department of Health and Human Services records, and plaintiffs admitted, plaintiffs' failure to exhaust administrative remedies; but first granting defendants' request to substitute the United States as a named defendant); Castro-Garcia v. United States, 13-cv-0006-LHK, 2013 WL 4456153 (N.D. Cal. Aug. 16, 2013) (granting the United States' motion to dismiss for lack of subject matter jurisdiction where plaintiffs failed to exhaust their administrative remedies); J.H. ex rel. Gallegos v. County of Kern, 13-cv-00500, 2014 WL 1116985 (E.D. Cal. Mar. 19, 2014) (same); Carroll v. U.S., 14-cv-00711-JE, 2015 WL 630877 (D. Or. Feb. 10, 2015) (same).

Second, even if the Court were to conclude that Plaintiff's tort claims should be dismissed for lack of subject matter jurisdiction at this juncture, it would consider Plaintiff's claims under

4

the ADA, Civil Rights Act, and HIPAA separately because those claims do not involve torts and do not fall under the FTCA.  See Stringer v. White, No. 07-cv-05516-SI, 2008 WL 344215, at *5 (N.D. Cal. Feb. 6, 2008).  Defendant has presented no argument as to why these claims should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the motion to dismiss is denied.

IT IS SO ORDERED.

Dated:  May 21, 2015

```
                                            _____
                                                    JON S. TIGAR
                                               United States District Judge
```