UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>    Plaintiff,<br><br>    v.<br><br>MENDOCINO COAST CLINICS INC., et al.,<br><br>    Defendants. | Case No.  14-cv-05504-JST<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE AND TO DISMISS**<br><br>Re: ECF No. 33 |

Before the Court is the United States of America's Motion to Substitute and to Dismiss. ECF No. 33.  The Court will grant the motion.

**I.      BACKGROUND**

Plaintiff Abraham G. Pinzon filed his initial complaint in this action on December 16, 2014.  ECF No. 1.  In the operative complaint, filed on January 6, 2015, against Defendants Mendocino Coast Clinics, Inc. and the State of California's Department of Health Care Services, Medi-Cal Dental Services Division, Pinzon alleges that Dr. Nash, a dentist at Mendocino Coast Clinics, performed unwanted dental services, ruining three of his teeth, so that he would be forced to return to the clinic for dentures.  ECF No. 6 at 2-3.  Pinzon alleges that the treatment he received was contrary to the standard of care received by other, predominantly white, patients, and that it amounted to assault, battery, and malpractice.  Id.  Pinzon, who is an African-American man with a mental illness, describes Nash's malpractice as racial discrimination and the product of "animus, fear, and hate."  Id. at 2, 4.  He also alleges that denying him the opportunity to participate in making treatment decisions deprived him of his right to equal access to health care services.  Id. at 4, 6.  Pinzon alleges that when he called Denti-Cal to lodge a complaint, Denti-Cal employees hung up on him and retaliated against him by threatening his eligibility for Medi-Cal benefits.  Id. at 3.  Pinzon describes Medi-Cal's failure to respond to his complaint as "an

1    unspoken approval" of Mendocino Coast Clinics' conduct.  Id. at 4.  Plaintiff asserts claims for
2    assault, battery, and malpractice; violation of the Americans with Disabilities Act ("ADA");
3    violation of the Civil Rights Act of 1964; and violation of the Health Insurance Portability and
4    Accountability Act of 1996 ("HIPAA").  Id. at 1, 3.

5          Pursuant to the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"),
6    Mendocino Coast Clinics has been deemed by the Department of Health and Human Services to
7    be an "employee" of the Public Health Service ("PHS") for the purpose of malpractice coverage
8    under the Federal Tort Claims Act ("FTCA") since December 9, 2005.  Declaration of Meredith
9    Torres in Support of United States' Motion to Substitute and Dismiss ("Torres Decl."), ECF No.
10   34, ¶ 5, Ex. 1.  Alex G. Tse, Chief of the Civil Division of the United States Attorney's Office for
11   the Northern District of California, has certified pursuant to 28 U.S.C. section 2679(d) that
12   "Mendocino Coast Clinics, Inc., is deemed eligible for Federal Tort Claims Act ("FTCA")
13   malpractice coverage and its employees are covered under the FTCA," and that "Mark A. Nash,
14   D.D.S., was an employee of the health center and was acting within the scope of his employment
15   at all times material to plaintiff's allegations."  Certification Pursuant to 28 U.S.C. § 2679(d)
16   ("Certification"), ECF No. 36.

17         According to Meredith Torres, a Senior Attorney in the General Law Division of the
18   Office of the General Counsel for the Department of Health and Human Services, the
19   Department's Claims Branch maintains a record of administrative tort claims filed with the
20   Department, including those filed with respect to federally supported health centers that have been
21   deemed to be eligible for FTCA malpractice coverage.  Torres Decl. ¶¶ 1-3.  A search of the
22   claims database yielded no record of an administrative tort claim filed by Plaintiff or an authorized
23   representative relating to Mendocino Coast Clinics and Dr. Nash.  Id. ¶ 4.

24         On May 22, 2015, the United States filed the instant motion to substitute itself in place of
25   named defendant Mendocino Coast Clinics, Inc. pursuant to 42 U.S.C. section 233, and to dismiss
26   all claims against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil
27   Procedure 12(b)(1).  ECF No. 33 at 1.  Pinzon opposes the motion.  ECF No. 39.  Defendant
28

2

1  Department of Health Care Services has not yet appeared in this action.[1]

## II. LEGAL STANDARD

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff always bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## III. DISCUSSION

### A. Substitution of the United States

Pursuant to 42 U.S.C. section 233(a),

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

"Section 233(a) makes the FTCA remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" Hui v. Castaneda, 559 U.S. 799, 802 (2010). Pursuant to 42 U.S.C. section 233(g), the remedy against the United States with respect to an entity "deemed to be an employee of the Public Health Service" is "exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a)."

---

[1] The government states that Mendocino Coast Clinics is the sole named defendant in this action, citing the original complaint. ECF No. 33 at 2. But the amended complaint names the Department of Health Care Services, ECF No. 6, and Pinzon appears to have served the Department by mail on March 2, 2015. ECF No. 14 at 3.

1    Mendocino Coast Clinics has been deemed by the Department of Health and Human
2  Services to be an employee of the Public Health Service during the relevant time period, and the
3  Attorney General has certified that Dr. Nash was an employee of the health center and was acting
4  within the scope of his employment at all times material to Plaintiff's allegations.  Torres Decl.
5  ¶ 5; Certification ¶ 2.  Accordingly, the health center and Dr. Nash have "absolute immunity . . .
6  for actions arising out of the performance of [dental] or related functions within the scope of their
7  employment," because section 233 "bar[s] all actions against them for such conduct." Hui, 559
8  U.S. at 806.  The exclusive remedy is an FTCA action against the United States.

9    Pinzon argues that Nash's alleged actions exceeded the scope of his employment because
10 they were "unrelated to legitimate medical needs" and because "[p]hysical attacks on patients and
11 disregard for their patient and civil rights [] are not within the scope of employment for any
12 profession."  ECF No. 39 at 2-3.  While a section 2679(d) certification that an individual was
13 acting within the scope of his employment "does not conclusively establish as correct the
14 substitution of the United States as defendant," Gutierrez de Martinez v. Lamagno, 515 U.S. 417,
15 434 (1995), "the party seeking review [of the certification] bears the burden of presenting
16 evidence and disproving the Attorney General's decision to grant or deny scope of employment
17 certification by a preponderance of the evidence." Jackson v. Tate, 648 F.3d 729, 732 (9th Cir.
18 2011).  "When the plaintiff challenges the Attorney General's scope of employment certification,
19 '[t]he United States . . . must remain the federal defendant in the action unless and until the
20 District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff,
21 engaged in conduct beyond the scope of his employment.'" Id. at 732-33 (quoting Osborn v.
22 Haley, 549 U.S. 225, 231 (2007)) (emphasis and alterations in original).  Because Pinzon has
23 presented no evidence, as opposed to allegations, that might disprove the Attorney General's
24 certification, at this time the United States "must remain the federal defendant in the action."  Id.
25 at 732.

26   Pinzon also suggests that while Mendocino Coast Clinics is eligible for FTCA malpractice
27 coverage for personal injury, this coverage does not extend to Pinzon's statutory claims.  ECF No.
28

39 at 2, 4. But the FTCA "remedy against the United States . . . for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions" by a covered employee acting within the scope of his employment is "exclusive of any other civil action or proceeding by reason of the same subject-matter" against the employee. 28 U.S.C. § 233(a). The Supreme Court has explained that this statutory language "grants absolute immunity" to covered employees "for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." Hui, 559 U.S. at 806. Pinzon's complaint suggests that Defendant Mendocino Coast Clinics violated the ADA and the Civil Rights Act by discriminating against him on the basis of his race and disability in the provision of dental services. These claims involve "the same subject-matter" as and "aris[e] out of the performance of" dental or related functions, and therefore fall within the grant of immunity provided by sections 233(a) and (g).[2]

For these reasons, the United States is substituted in place of Defendant Mendocino Coast Clinics as a Defendant in this action and Plaintiff's claims against it shall be treated as claims under the FTCA.

### B. Failure to Exhaust Administrative Remedies

The FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "The requirement of an administrative claim is jurisdictional" and "must be

---

[2] The complaint also references HIPAA, P.L. No. 104-191, 110 Stat. 1938 (1996), although it does not explain how Defendants allegedly violated this statute. See ECF No. 6. Because "HIPAA itself provides no private right of action," the Court does not address this claim. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007).

1  strictly adhered to." Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011).  The United
2  States has submitted a declaration establishing that the Department of Health and Human Services
3  claims database contains no record of an administrative tort claim filed by Pinzon or an authorized
4  representative relating to Mendocino Coast Clinics, Inc. and Dr. Nash.  Torres Decl. ¶ 4.  In his
5  opposition, Pinzon neither disputes that he has not yet filed such a claim, nor presents any
6  evidence to the contrary.  Accordingly, the Court concludes that it lacks subject matter jurisdiction
7  over this action at this time and grants the United States' motion to dismiss without prejudice to
8  refiling after Pinzon pursues his administrative remedies.

## CONCLUSION

For the foregoing reasons, the motion to substitute and to dismiss is granted without prejudice.

IT IS SO ORDERED.

Dated: August 19, 2015

_____
JON S. TIGAR
United States District Judge