1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    ABRAHAM G. PINZON,                        Case No.  14-cv-05504-JST

            Plaintiff,
8
                                               **ORDER GRANTING MOTION TO**
9         v.                                   **DISMISS**

10   STATE OF CALIFORNIA, DEPARTMENT           Re: ECF No. 57
     OF HEALTH CARE SERVICES,
11   MEDICAL DENTAL SERVICES
     DIVISION, et al.,
12
            Defendants.

13           Before the Court is Defendant Department of Health Care Services' Motion to Dismiss.

14   As explained below, the Court grants the Motion to Dismiss because Plaintiff has failed to plead a

15   plausible claim under Federal Rule of Civil Procedure 12(b)(6).

16   **I.      BACKGROUND**

17           Plaintiff Abraham G. Pinzon filed his initial complaint in this action on December 16,

18   2014.  ECF No. 1.  In the operative complaint, filed on January 6, 2015, against Defendants

19   Mendocino Coast Clinics, Inc. and the State of California's Department of Health Care Services,

20   Medi-Cal Dental Services Division ("DHCS"), Pinzon alleges that Dr. Nash, a dentist at

21   Mendocino Coast Clinics, performed unwanted dental services, ruining three of his teeth, so that

22   he would be forced to return to the clinic for dentures.  ECF No. 6 at 2-3.  Pinzon, who is an

23   African-American man with a mental illness, describes Nash's malpractice as racial discrimination

24   and the product of "animus, fear, and hate."  Id. at 2, 4.  He also alleges that denying him the

25   opportunity to participate in making treatment decisions deprived him of his right to equal access

26   to health care services.  Id. at 4, 6.  Pinzon alleges that when he called Denti-Cal to lodge a

27   complaint, Denti-Cal employees hung up on him and retaliated against him by threatening his

28   eligibility for Medi-Cal benefits.  Id. at 3.  Pinzon describes Medi-Cal's failure to respond to his

United States District Court
Northern District of California

1    complaint as "an unspoken approval" of Mendocino Coast Clinics' conduct.  Id. at 4.  Plaintiff

2    asserts claims for violation of the Americans with Disabilities Act ("ADA"); violation of the Civil

3    Rights Act of 1964; and violation of the Health Insurance Portability and Accountability Act of

4    1996 ("HIPAA").  Id. at 1, 3.

5        On August 20, 2015, this Court granted a Motion by the United States to substitute itself in

6    place of defendants Mendocino Coast Clinics, Inc. pursuant to 42 U.S.C. section 233, and to

7    dismiss all claims against the United States for lack of subject matter jurisdiction due to Plaintiff's

8    failure to exhaust his administrative remedies, as required under the Federal Tort Claims Act.[1]

9    See ECF No. 52.  This left only the claims against DHCS remaining in the case.  On October 14,

10   2015, this Court issued an Order of Service, noting that Pinzon had attempted to serve the DHCS

11   himself by certified mail, which he is unable to do under Federal Rule of Civil Procedure 4(c)(2).

12   ECF No. 53.  Because Pinzon has been granted leave to proceed in forma pauperis, see ECF No. 5,

13   the Court ordered summons and service be issued to DHCS, ECF No. 53.

14       DHCS filed the instant Motion to Dismiss on November 25, 2015.  ECF No. 57.  The

15   motion argues for dismissal both because the Court lacks jurisdiction due to the DHCS's

16   sovereign immunity, and because the complaint fails to plead a plausible claim.  See id.  Pinzon

17   did not respond to the motion.[2]

18   **II.     LEGAL STANDARD**

19       Under Ninth Circuit precedent, this Court must resolve an Eleventh Amendment immunity

20   claim before reaching the merits.  See Coalition to Defend Affirmative Action v. Brown, 674 F.3d

21   1128, 1133 (9th Cir. 2012).

22        "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

23   accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S.

24   662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the

25

26   _____

[1] The order also noted that Plaintiff's reference to HIPAA would not be addressed because HIPPA
27   itself provides no private right of action.  See ECF No. 52 at 5 n.2 (quoting Webb v. Smart
     Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)).
28   [2] Pinzon did file a "Notice" on December 11, 2015, but it does not respond to the motion to
     dismiss.

United States District Court
Northern District of California

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III.    DISCUSSION

The Eleventh Amendment of the Constitution of the United States provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits against both state agencies and the state itself. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). "This jurisdictional bar applies regardless of the nature of the relief sought." Id.; see also Shaw v. State of California Dep't of Alcoholic Beverages, 788 F.2d 600, 603-04 (9th Cir. 1986).

Plaintiff states that his claims arise under Title II of the Americans with Disabilities Act, 28 C.F.R. § 35, and Title II of the Civil Rights Act, 42 U.S.C. §§ 2000a(d), 2000a-1, and 2000a-2. ECF No. 6 at 1. DHCS asserts that these claims must be dismissed because it has not waived sovereign immunity for them. ECF No. 57 at 7.

Under the Eleventh Amendment, state agencies possess sovereign immunity from suit unless Congress has "unequivocally expresse[d] its intent to abrogate the immunity" and has acted "pursuant to a valid exercise of power." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996) (internal quotation marks and citation omitted). Pinzon does not address the issues of jurisdiction or sovereign immunity in his complaint and does not respond to DHCS's motion. Nevertheless, the Court notes that the Supreme Court has previously held that Congress has

United States District Court
Northern District of California

1  validly abrogated state sovereign immunity for claims under Title II of the ADA based on state

2  conduct that allegedly violates the Fourteenth Amendment.  United States v. Georgia, 546 U.S.

3  151, 159 (2006).  DHCS argues that Pinzon's claims are still barred because he has requested

4  monetary damages but is only entitled to prospective relief.  See ECF No. 57 at 7.  The Supreme

5  Court has held the contrary, however.  Barnes v. Gorman, 536 U.S. 181, 186-187 (2002) (holding

6  that *punitive* damages are unavailable under 42 U.S.C. § 12133 but that monetary damages remain

7  available); see also Georgia, 546 U.S. at 159 (holding that Title II of the ADA "creates a private

8  cause of action *for damages*." (emphasis added)).[3]

9        That said, while it is *possible* to bring an ADA claim for a Fourteenth Amendment

10  violation that is beyond the jurisdictional bar of the Eleventh Amendment, Pinzon has not

11  plausibly done so here.  While he alleges generally that the dental care provided by Dr. Nash and

12  his clinic constituted discrimination against him based on his race and disability, he offers no

13  factual allegations to support this conclusion.  See ECF No. 6 at 2-3.  More importantly, he does

14  not allege that DHCS was involved in the alleged discrimination, other than making a vague

15  statement that DHCS's alleged failure to sufficiently respond to his complaint constituted

16  "unspoken approval."  Id.  As noted by DHCS, these allegations are not sufficient to support a

17  plausible claim of discrimination by the state.  See ECF No. 57 at 8-10.

18        Accordingly, the Court concludes that Plaintiff's complaint must be dismissed pursuant to

19  Fed. R. Civ. P. 12(b)(6).  DHCS's motion to dismiss is granted without prejudice.  Any amended

20  complaint must provide plausible support for both the discrimination alleged to have occurred and

21  DHCS's involvement in that discrimination.[4]

22

23  [3] DHCS's citation to Edelman v. Jordan, 15 U.S. 651 (1974) is also unavailing.  Edelman held that
the doctrine of Ex Parte Young, 209 U.S. 123 (1908), which states that certain forms of injunctive

24  relief against state officials are not barred by the Eleventh Amendment, does not allow federal
courts to order states to repay withheld funds.  See Edelman, 15 U.S. at 667-669.  This discussion

25  is not relevant when the Supreme Court has already held that Congress abrogated sovereign
immunity under Title II of the ADA.

26  [4] DHCS has also filed a Request for Judicial Notice of four documents.  ECF No. 58.  Plaintiff has
not responded to or opposed the request.  Three of them are government publications: an all-

27  county policy letter and two Denti-Cal Bulletins.  Id.  The Court may take judicial notice of these
documents as "matters of public record."  Fed. R. Evid. 201.  The final document is a previous

28  complaint filed by Pinzon.  ECF No. 58.  The Court may take judicial notice of court filings.
United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007).  DHCS's Request for Judicial Notice

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is granted without prejudice.  Any amended pleading must be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated:  March 14, 2016

_____
JON S. TIGAR
United States District Judge

is granted.

5